UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MICHAEL J. FARON,                          )
                                           )
      Plaintiff,                           )
                                           )
v.                                         )          Case No. 4:25-CV-869-ZMB
                                           )
JAMES V. FARON,                            )
                                           )
      Defendant.                           )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant James V. Faron's Motion to Dismiss. Doc. 31. This Court has subject-matter jurisdiction over this case, and there is no reason that warrants abstention. As such, the Court denies Defendant's Motion to Dismiss.

## BACKGROUND

This case involves a dispute between two brothers over a parcel of property that they inherited from their father. Doc. 18 ¶¶ 5–8. The property is located in St. Louis County, Missouri, and its assessed value exceeds $285,000. *Id.* ¶ 3. The brothers hold title to the property as tenants in common, and as a residential parcel, it cannot be partitioned in-kind. *Id.* ¶ 6, 10.

One of the brothers, Plaintiff Michael J. Faron, initiated this action to order the sale of the property pursuant to Missouri law. *Id.* ¶¶ 1, 10. The Amended Complaint invokes this Court's diversity jurisdiction, as Michael is an Arizona citizen, his brother James is a Missouri citizen, and the amount in controversy exceeds $75,000. *Id.* ¶¶ 1–3 (citing 28 U.S.C. § 1332). Despite being served in July 2025, Doc. 8, James failed to timely appear. Michael then moved for an entry of default, which the Clerk of Court granted in October 2025. Doc. 22. The next month, Michael moved for default judgment. Doc. 26. The Court set a hearing to assess how to order the sale of the property and took steps to ensure James was apprised of the hearing. *See* Doc. 28.

The day of the hearing, James contacted the Court and indicated his desire to attend the hearing, and the Court made sure he was able to do so. *See* Doc. 30. At the hearing, the Court learned that James's counsel—who did not attend the hearing because he never entered his appearance—had known about the lawsuit yet refused to take any steps to participate. *See id.* The Court agreed to defer the entry of default judgment until James's attorney filed an appropriate entry and a memorandum opposing the entry of default judgment. *Id.* Instead, he filed the instant motion to dismiss and an answer to the Amended Complaint. Docs. 31–32. Michael timely responded in opposition, Doc. 35, but James never filed a reply, and his time to do so has long since passed. See E.D. MO. L.R. 4.01(B). The matter is now ripe for adjudication.

## LEGAL STANDARD

A party may move to dismiss for "lack of subject-matter jurisdiction." FED. R. CIV. P. 12(b)(1). The purpose of such a motion is to allow the Court to decide the question of jurisdiction at an early state of litigation, as "subject matter jurisdiction is a threshold question [that] must [be] address[ed] at the outset." *See Carton v. Gen. Motor Acceptance Corp.*, 611 F.3d 451, 454–55 (8th Cir. 2010). "The plaintiff bears the burden of establishing subject matter jurisdiction." *Hilger v. United States*, 87 F.4th 897, 899 (8th Cir. 2023) (citation omitted). If the Court determines it lacks subject-matter jurisdiction, it must dismiss the action. FED. R. CIV. P. 12(h)(3).

When deciding a Rule 12(b)(1) motion, the Court "must distinguish between a 'facial attack' and a 'factual attack.'" *Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 914 (8th Cir. 2015) (citation omitted). A factual attack occurs when a "defendant challenges the veracity of the facts underpinning subject matter jurisdiction." *Davis v. Anthony, Inc.*, 886 F.3d 674, 679 (8th Cir. 2018) (quotations omitted). When resolving a factual attack, the Court may consider "matters outside the pleadings," and "the non-moving party does not have the benefit of 12(b)(6) safeguards." *Carlsen*

2

*v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016) (citation omitted). A motion seeking dismissal on abstention grounds is construed as a factual attack because a defendant raising the challenge "argues that even if the Complaint's allegations are true, the pending state court lawsuits divest the Court of subject-matter jurisdiction to hear [the] case." *Chicago Ins. Co. v. Diocese of Kan. City-St. Joseph*, 2014 WL 556358, at *1 (W.D. Mo. Feb. 13, 2014).

## DISCUSSION

James does not dispute that this Court has diversity jurisdiction over the case.[1] *See* Doc. 31 ¶ 7. Instead, he argues that the Court was either stripped of jurisdiction by state statute, *see id.* ¶¶ 4–6, or that this Court should decline to exercise jurisdiction on some unspecified abstention doctrine, *see id.* ¶ 8 (citing *Blumenkron v. Multnomah Cnty.*, 91 F.4th 1303, 1314–17 (9th Cir. 2024)). For the former argument, James suggests that a Missouri venue statute strips this Court of jurisdiction. For support of his abstention claim, James claims that "relief is clearly available in state court," "there are no issues of federal law," and Missouri's courts "are prepared and better equipped to deal with the carrying out of a partition order than federal courts." *Id.* ¶¶ 9–11.

To put it mildly, these claims are unavailing. First, Missouri state law does not deprive this Court of jurisdiction. Federal courts have original jurisdiction to hear claims "between Citizens of different states." U.S. CONST. art. III, § 2. The crux of James's jurisdiction-stripping argument is that the language in Missouri's partition statute— that "[s]uch petition[s] shall be filed in the circuit court of the county" in which the property is situated—divests federal court of jurisdiction. *See* Doc. 31 ¶¶ 4–6 (citing MO. REV. STAT. § 528.040). But the Court cannot interpret that statute as a jurisdiction-stripping provision, not least because such a reading would render the statute

---

[1] A federal court may exercise jurisdiction over cases where there is complete diversity between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Because Michael and James are domiciled in different states, and the property at issue exceeds $285,000, *see* Doc. 18 ¶¶ 1–3, the Court has jurisdiction.

3

repugnant to the U.S. Constitution. The Eighth Circuit rejected an interpretation of "[t]he Superior Court shall have jurisdiction" that claimed to strip a federal court of jurisdiction, finding that the interpretation would "run[] contrary to the long-established rule that states may not limit federal jurisdiction by passing restrictive statutes." *Mullen v. Academy Life Ins.*, 705 F.2d 971, 975 (8th Cir. 1983) (citation omitted). Indeed, courts of this district have already considered and rejected a nearly identical argument. *See Hanor v. Hanor*, No. 1:21-CV-34-ACL, 2023 WL 6199782, at *3 (E.D. Mo. Sep. 22, 2023).

James's abstention arguments are similarly unpersuasive. This Court has a "virtually unflagging obligation . . . to exercise the jurisdiction given [it], even when there is a pending state court action involving the same subject matter." *Fru-Con Const. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 534 (8th Cir. 2009). Federal courts may decline jurisdiction "where 'parallel' state court litigation is pending," creating "a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court." *Spectra Commc'ns Grp. v. City of Cameron*, 806 F.3d 1113, 1121 (8th Cir. 2015) (quotation omitted). But the pending state court action is apparently one that involves issues of personal property—not this parcel of land. *See* Doc. 31 ¶ 12; *see also* Appl. for Letters of Admin., *In re Paul John Faron*, No. 26SL-PR00144 (Mo. 21st Cir. Ct. Jan. 15, 2026). And while James also claims that a separate "partition action has been filed in St. Louis County," *id.* ¶ 16, it appears this action was never filed, *see* Doc. 35 at 9 ("To the extent Defendant intends to seek partition in state court, to Plaintiff's knowledge he has not yet done so."). James never provided a case number of any of the actions he claims exist, and the Court has been unable to locate an action for partition. Because there apparently is no parallel state proceeding which will dispose of this issue completely, the Court will not shirk its obligation to exercise jurisdiction.[2]

---

[2] Even if James's counsel could point to a state-court partition action, the Court would consider any parallel proceeding initiated after the filing of instant case as nothing more than an attempt to use abstention doctrine to avoid the

Finally, James also notes that the pending state court action is an "application to probate the estate of the decedent." Doc. 31 ¶ 17. As Michael correctly notes, there is a limited "probate exception" to federal jurisdiction. Doc. 35 at 6 (citation omitted). That exception requires a district court to surrender otherwise valid jurisdiction when asked "to probate a will or administer an estate." *Sianis v. Jensen*, 294 F.3d 994, 997 (8th Cir. 2002) (citation omitted). But this exception is inapplicable here. Although the parties might need to probate the estate with regard to personal property, Doc. 31 ¶¶ 12–14, the real property has already vested in the parties who have taken title as tenants in common. *See* Doc. 18 ¶ 6 (alleging the parties hold the property as tenants in common with a 50% ownership each); [3] *see also* Doc. 32 ¶ 6 (admitting to the allegation). Michael is not asking this Court to probate a will but, rather, to adjudicate a dispute between co-owners. Because James has failed to identify an applicable abstention doctrine, the Court will decline his invitation to dismiss this case.

Accordingly, the Court **DENIES** Defendant James V. Faron's [31] Motion to Dismiss.

So ordered this 1st day of May 2026.

_____
ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE

---

consequences of his neglect. This Court was already troubled to learn that Michael's counsel was in constant contact with James's counsel during the pendency of this suit despite his failure to appear. If the Court were to learn he also attempted to usurp this Court's authority by abusing state-court process, it would be compelled to consider sanctions. In any event, insofar as this Court has any discretion to retain jurisdiction, it would do so given the time invested in this case.

[3] Because James never moved to set aside the entry of default, all well-pleaded allegation in the Complaint are deemed admitted to. *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010).

5